09-4213-ag
Ba v. Holder

BIA
Bukszpan, IJ
A078 344 080

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of December, two thousand ten.

PRESENT:
>        PIERRE N. LEVAL,
>        ROBERT A. KATZMANN,
>        RICHARD C. WESLEY,
>            *Circuit Judges.*

---

ALY BA,
>        *Petitioner*,

>        v.                                              09-4213-ag
>                                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

---

FOR PETITIONER:        Aly Ba, *pro se*, Brooklyn, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Melissa Neiman-Kelting,
                       Senior Litigation Counsel; Anna
                       Nelson, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Aly Ba, purportedly a native and citizen of Mauritania, seeks review of a September 10, 2009 decision of the BIA affirming the December 3, 2007 decision of Immigration Judge ("IJ") Joanna M. Bukszpan, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aly Ba*, No. A078 344 080 (B.I.A. Sept. 10, 2009), *aff'g* No. A078 344 080 (Immig. Ct. N.Y. City Dec. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions — or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The agency's factual findings,

including adverse credibility findings, are reviewed under the substantial evidence standard, *id.*, and will be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "When evaluating credibility determinations for substantial evidence, we afford 'particular deference' to the IJ." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (quoting *Zhou Yung Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004)). An IJ's adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

Here, the IJ reasonably determined that Ba, asserting past persecution because of his Fulani ethnicity, did not meet his burden of establishing that he had a well-founded fear of future persecution on account of his race, nationality or membership in a particular social group, if removed to Mauritania. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B).

Ba's vague testimony, coupled with the lack of corroboration for his assertions, provided a sufficient basis to support the IJ's adverse credibility determination.

3

Specifically, Ba was unable to answer basic questions regarding the geography of Mauritania, such as the location and terrain of the capital city in which he had lived for eighteen years, nor was he able to describe with any detail the military camp at which he was purportedly detained for three years before being deported to Senegal. When the IJ attempted to solicit additional details and Ba's answers remained vague, the IJ was entitled to conclude that Ba's testimony was not credible. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008); *see also Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) (where testimony is "very spare," IJ may "probe for incidental details" to support adverse credibility finding).

Given Ba's vague testimony, the IJ did not err in finding corroborating evidence was necessary for Ba to meet his burden of proof, and that his failure to provide any reliable identity documentation, family documents, or personal documents further undermined the veracity of his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to

4

rehabilitate testimony that has already been called into question"). The IJ determined that Ba's only corroboration – a "declaration of birth" – was not entitled to any evidentiary weight because it was unauthenticated, unsigned, and only partially translated. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to evidence "lie[s] largely within the discretion of the IJ" (alteration in original) (internal quotation marks omitted)).

Because the IJ's adverse credibility determination was supported by substantial evidence and Ba's claims, all based on the same factual predicate, depended on the same testimony found to be lacking in credibility, the agency did not err in denying Ba's applications for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5