Reyaz v. Garland

BIA
Montante, IJ
A215 734 559

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-three.

PRESENT:
> Susan L. Carney,
> Steven J. Menashi,
> Alison J. Nathan,
> *Circuit Judges.*

_____

ATM REYAZ,
> *Petitioner*,

v.                                                          20-4195
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**     Usman B. Ahmad, Esq., Long Island City, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Song Park, Senior Litigation Counsel; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner ATM Reyaz, a native and citizen of Bangladesh, seeks review of a November 25, 2020 decision of the BIA affirming an August 8, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal. *In re ATM Reyaz*, No. A215 734 559 (B.I.A. Nov. 25, 2020), *aff'g* No. A215 734 559 (Immig. Ct. Batavia Aug. 8, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., without the specific findings that the BIA declined to rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Paloka v. Holder*, 762 F.3d

2

191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled in part on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal quotation marks and citation omitted). Absent past persecution, an applicant may establish eligibility for asylum by demonstrating that "he has a well-founded fear of future persecution, which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2). Reyaz asserted that members of the Awami League threatened and attacked him twice

because he supports the Liberal Democratic Party ("LDP").

**I.      Past Persecution**

Section 1158(b)(1)(B)(ii) of title 8 of the U.S. Code provides:

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

The agency required corroborating evidence here because Reyaz's testimony was not free of credibility concerns: the IJ identified a lack of clarity, as well as contradiction, in the evidence Reyaz submitted to corroborate that he reported an assault to the police.[1] *See id.*; *Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (noting that an IJ may conclude that an applicant's "testimony was credible but insufficient on its own to sustain her burden of proof").

---

[1] Because Reyaz provided a letter indicating his membership in the LDP and the country conditions evidence reflects that the LDP typically does not issue membership cards or retain membership lists, we do not rely on the IJ's finding that Reyaz failed to corroborate his LDP membership.

4

The agency reasonably concluded that Reyaz failed adequately to corroborate his claim. The agency did not err in declining to give weight to the supporting letters provided by Reyaz because the authors were not subject to cross-examination and many of the letters were from interested parties. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according [letters from a wife and friend] little weight because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination").

Further, the IJ did not err in requiring additional corroboration. Before denying a claim solely on an applicant's failure to provide corroborating evidence, the IJ should typically, either in his decision or otherwise in the record, (1) identify the specific pieces of missing, relevant documentation and explain why such evidence was reasonably available; (2) provide the applicant an opportunity to explain the omission; and (3) assess any explanation given. *Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

We identify no error in the agency's conclusion that Reyaz could have more adequately corroborated his assertion that he received medical treatment after an assault. The IJ identified missing evidence, noting that Reyaz "did not submit photographs" or other proof of his injuries beyond the "Discharge Certificate" and supporting affidavits. Certified Administrative Record ("CAR") at 91. The Discharge Certificate submitted by Reyaz and issued by the hospital described his injuries but was only partially translated and, as the BIA highlighted, gave as a diagnosis only "Physical Assault." *Id.* at 4. Although Reyaz stated that X-rays and other medical tests were performed, he did not submit copies of the X-rays or test results or explain why they were unavailable. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013); *Ba v. Holder*, 402 F. App'x 611, 613 (2d Cir. 2010) (summary order) (holding that a document "was not entitled to any evidentiary weight because it was unauthenticated, unsigned, and only partially translated"). The IJ is not required to identify missing evidence to an applicant before disposing of a claim because "a factfinder may not be able to decide sufficiency of evidence until all the evidence has been presented." *Wei Sun*, 883 F.3d at 31 (internal quotation marks and citation omitted). So, here, the IJ did not err by not asking Reyaz to explain the missing evidence before issuing a decision. Reyaz had an opportunity to

explain the missing evidence before the BIA and did not argue there that the evidence was unavailable or proffer any additional evidence. *See* CAR at 4. Accordingly, the record does not compel the conclusion that the evidence is unavailable. *See* 8 U.S.C. § 1252(b)(4).

**II.    Future Persecution**

Because Reyaz did not carry his burden of proof as to his claim of past persecution, he bore the burden of establishing an "objectively reasonable" fear of future persecution to prevail on his asylum claim. *Ramsameachire*, 357 F.3d at 178; *see also* 8 C.F.R. § 1208.13(b)(2). Having failed to establish past harm, he could not demonstrate that he would be singled out for persecution in light of past harm. He thus had the burden of establishing a "pattern or practice" of persecution of similarly situated individuals. *See id.* § 1208.13(b)(2)(iii). The relevant country conditions evidence reveals that high-level opposition members have been targeted by the government and that there is significant political violence in Bangladesh; Reyaz, however, is not a high-profile member of the LDP, and the evidence primarily reflects clashes of political parties rather than a "systemic, pervasive, or organized" attack on LDP members. *See In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (internal quotation marks and citation omitted). Finally,

7

contrary to Reyaz's assertion, the agency considered and referred to the country conditions evidence.

In sum, given the issues pointed out by the IJ with respect to credibility and Reyaz's failure to provide corroboration for his claims, the agency did not err in concluding that he failed to carry his burden of proof as to past persecution. Without carrying his burden as to past persecution, there was no evidence that he would be singled out individually for future persecution; and the country conditions evidence does not compel a conclusion that in Bangladesh there is a pattern or practice of persecuting low-level LDP members. The agency's conclusion is dispositive of Reyaz's claims for asylum, withholding of removal, and CAT relief because all three claims rest on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8